[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 27, 2010
JOHN LEY
CLERK

No. 10-10749
Non-Argument Calendar
_____

Agency No. A098-727-783

FEDERICO BAUTISTA RAYMUNDO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 27, 2010)

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Federico Bautista Raymundo, a native and citizen of Guatemala proceeding *pro se*, petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) order denying his application for asylum and withholding of removal under the Immigration and Nationality Act (INA). 8 U.S.C. §§ 1158, 1231.[1]  On appeal, Raymundo argues the BIA erred in denying his application for withholding of removal because he established that, as a Mayan, he will be discriminated against and persecuted if he returns to Guatemala. After review, we dismiss in part and deny in part Raymundo's petition.[2]

In a withholding of removal claim, an alien shall not be removed to a country if his life or freedom would be threatened on account of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A).  Absent past persecution, the alien must show it is

---

[1] The IJ denied Raymundo's application as untimely filed.  8 U.S.C. § 1158(a)(2)(B). Raymundo failed to argue to the BIA that his untimely filing was excusable due to "extraordinary circumstances" under 8 U.S.C. § 1158(a)(2)(D).  Because Raymundo failed to exhaust his administrative remedies, we lack jurisdiction to review the denial of his application for asylum. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

[2] Where, as here, the BIA issues its own decision without expressly adopting the IJ's findings, we review only the BIA's decision. *Arboleda v. U.S. Att'y Gen.*, 434 F.3d 1220, 1222 (11th Cir. 2006).  We review the BIA's factual determinations under the substantial evidence test and will affirm if the decision is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004). Under the substantial evidence test, we will reverse a finding of fact by the BIA "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Id.*

2

"more likely than not" he will be "persecuted or tortured upon being returned to [his] country." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005); 8 C.F.R. § 208.16(b). The alien may make this showing by demonstrating there is a "pattern or practice of persecution of a group of persons similarly situated to the applicant" on account of a statutorily protected ground, and the alien's inclusion in that group will make it more-likely-than-not that his "life or freedom would be threatened upon return to that country." *See* 8 C.F.R. § 208.16(b)(2).

While the INA does not define persecution, we have held persecution is an "extreme" concept, mere harassment is not persecution, and persecution requires "more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda*, 401 F.3d at 1231. We have previously concluded an alien failed to show a future threat to his life or freedom when his family members remained unharmed in his country of origin. *See Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1259 (11th Cir. 2006). Furthermore, evidence of general conditions of violence and criminal activity, without more, is insufficient to compel a contrary conclusion from that reached by the BIA. *See Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1238 (11th Cir. 2006).

Substantial evidence supports the BIA's finding that Raymundo failed to demonstrate eligibility for withholding of removal. First, his general complaints of being discriminated against do not rise to the level of past persecution. *Silva*, 448 F.3d at 1238. Second, his asserted fear that, as a Mayan, his life or freedom would be threatened upon his return to Guatemala is undermined by the fact that his family members, who are also Mayan, remain in Guatemala unharmed. *Ruiz*, 440 F.3d at 1259. Moreover, Raymundo personally returned to Guatemala for several months in 2000 without incident. Finally, Raymundo's fear that he may be the victim of general crime is insufficient to compel reversal of the administrative findings. *Sepulveda*, 401 F.3d at 1231.

**PETITION DISMISSED IN PART, DENIED IN PART.**